IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND L. CONNER                     *
       Petitioner,
   v.                                              *     CIVIL ACTION NO. PJM-06-2086

WARDEN                                         *
       Respondent.
                                       ***

**MEMORANDUM OPINION**

      Petitioner filed a letter with the Court seeking to compel Eastern Correctional Institution ("ECI") officials to pull and hold a videotape showing the Housing Unit 4, C-Tier cell doors for July 31, 2005, between 12:00 a.m. and 1:30 a.m.  Petitioner claims that preservation of such evidence is necessary because: (1) he wishes to file a future suit regarding an alleged incident shown on the videotape; (2) videotapes are only held for 30 days before they are reused, unless a request is made for them to be pulled and held; and (3) he has submitted requests to the ECI Chief of Security, Warden, and Captain of the Housing Unit, but believes they will ignore his requests.  Paper No. 1.  Petitioner's letter was construed as a 28 U.S.C. § 1361 petition for mandamus relief.

      This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations.....It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Under this standard, the instant Petition must be dismissed.

This Court does not have jurisdiction over State employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. Further, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The relief sought in the instant case, to require prison employees to retain a housing tier videotape before it is recorded over, is not the only means by which Petitioner may obtain the relief he seeks. He may exhaust the appropriate remedy with prison officials at the institution, headquarters, and then Inmate Grievance Office levels in order to obtain the retention of the videotape. Given the availability of an alternative means to obtain the relief sought, the petition for writ of mandamus will be denied.[1]

A separate order follows.

August 30, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner indicates that he wishes to file a future lawsuit. He is advised that there are pre-filing discovery procedures available under certain circumstances to preserve testimony which could otherwise be lost. *See* Fed. R. Civ. P. 27(a).